CUDAHY, Circuit Judge, with whom ROVNER, Circuit Judge, joins,
concurring.
I join the majority opinion, as well as the concurrence of Judge Williams, but offer these comments with respect to the relation of the proposed test to the Third Circuit test, which is simpler — if arguably more subjective. As a general matter, the equal-terms provision seems to be a somewhat mysterious and unprecedented device for providing an anti-discrimination requirement, without incorporating the usual limiting characteristics of “discrimination” as a traditional concept. Although Congress may have intended to prescribe a standard more open-ended than traditional “discrimination,” its application, as a practical matter, requires, for reasons suggested by the majority, some limitations to be provided by the judiciary. The Third Circuit’s requisite of “regulatory purpose” may be imperfect, but I think it is acceptable in the vast majority of cases and that this test is generally appropriate. Although the majority opinion does provide insights that are important and helpful, I see little real contrast in basic approach or result between the Third Circuit and the majority analysis and I would regard them both as equally valid. Ultimately, I suspect that the practical distinction between “regulatory purpose” and “regulatory criteria” may not be as pronounced as the majority opinion suggests. In the last analysis, the search by the different cir *375 euits for an entirely objective test is probably in vain.